# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Jeffrey HECK, <br> 4459 Remsen Road, <br> Medina, Ohio 44256, <br>      Plaintiff, <br><br> -vs- <br><br><br> WOLFF BROTHERS <br> 6078 Wolff Road, <br> Medina, Ohio 44256, <br>      Defendant. | Case No. _____ <br><br> Judge _____ <br><br><br><br> COMPLAINT <br> 1. FLSA overtime violation <br> 2. Wrongful Termination PP Tort <br> 3. FLSA retaliatory termination <br><br> (Refiled from State Court Dismissal WOP) <br><br> <u>JURY DEMAND</u> |

  Now comes the Plaintiff by counsel and for his cause of action against the Defendant says the following:

## JURISDICTION

  This case is properly before this Honorable Court pursuant to the Federal Fair Labor Standards Act, 29 USC 207 *et seq* and related federal employment rights violation causes of action described below.  This Court has pendant jurisdiction over all factually intertwined state law causes of action pursuant to 28 USC 1367 (a).

## FACTS

  1. Plaintiff Jeffrey HECK is a 54 year old while male resident of Medina County, Ohio.

  2. Defendant WOLFF BROTHERS (Wolff hereafter) is a corporation headquartered in Medina, Ohio and holds itself out as "one of the largest independent Plumbing, Electrical and HVAC distributors in America."

  3. Plaintiff is a former employee of WOLFF BROTHERS employed in the capacity of an inside sales representative, specializing in plumbing products, although he can and has performed other roles inside the company.

  4. The Plaintiff's tenure at Wolff was between 28 OCT 1996 and 22 APRIL 2016.

5. The Plaintiff was terminated from his at-will position without notice and out of the blue. When the Defendant was asked for an explanation for the termination, the Defendant's manager who communicated the news of termination to the Plaintiff, David ARTRIP refused to give a reason on behalf of himself or the Defendant company.

6. The Plaintiff's rate of wage compensation at Wolff was $17.00/hour plus commissions, resulting in an annual income of about $48,000.00/year.

7. The Plaintiff was always qualified for his employment at Wolff and in fact was given a raise three months prior to his termination because of his high performance related to obtaining sales quotas, measured in points, i.e., 89 out of 100 points immediately prior to his termination of employment.

8. However, prior to his termination of employment, the Plaintiff had a dispute with the employer over the fact it would not compensate him for all of his work. Over the course of his tenure with the company, he was obligated as a condition of keeping his employment, to cover for absent co-workers and stay over the end of his 8 hour day period resulting in a loss of an estimated $12,240.00/year by the end of his tenure. The high range for time and one half for overtime pay calculations is $25.50/hour pursuant to Ohio RC 4111.03 *et seq*.

9. Moreover, prior to termination the Plaintiff had a dispute with the employer over being required to give a co-worker one STAMPER partial credit for a sale of goods that would result in a large sales commission otherwise owed to the Plaintiff being reduced, and the employer was attempting to prevent the plaintiff from receiving his full commission, and the Plaintiff's commission was subject to reduction after he protested the fact that the co-worker did not earn nor was owed a partial commission.

10. The clear public policy of Ohio is that employees will get paid for their labor by their employer on time. *See*, e.g., Ohio RC 4113.15.

11. Termination of an employee who demands to be paid for his labor in retaliation for his standing on his rights to be compensated jeopardizes the public policy of Ohio and is an affront to the law protecting employees from abusive employers.

12. The Plaintiff was terminated in violation of Ohio public policy when he was retaliated against for disputing overtime pay not paid to him, and a sales commission not given to him.

13. The Defendant employer has no legitimate business justification for firing the Plaintiff as evidenced by the refusal of the employer to provide one, and there is none that could be given regardless. Employer financial greed is not an acceptable reason to terminate the Plaintiff nor to not pay him his due wages and commissions.

14. As a direct and proximate consequence of the Defendant's conduct, the Plaintiff was damaged by the loss of valuable employment and suffered the loss of income and was humiliated, depressed and insulted.

15. The Defendant employer acted by authorized agents at all times relevant and its conduct was intentional and malicious.

16. All following causes of action are incorporated herein.

### ONE

17. The conduct of the Defendant amounts to a violation of Ohio RC 4111.03 *et seq*. and 29 USC 207 (a) *et seq*.; 29 USC 215 (a)(2). The Plaintiff is entitled to damages prescribed by statute including liquidated damages under 29 USC 216 (b).

### TWO

18. The intentional and malicious conduct of the Defendant in terminating the Plaintiff's employment jeopardizes clear Ohio public policy as gleaned from statutes or the common law. There is no overriding legitimate business justification for the wrongful termination of the Plaintiff's at-will employment, nor is there any adequate remedy for the termination itself except for this public policy tort cause of action. The Plaintiff was damaged by the loss of career employment income and the prestige associated with being employed and was otherwise damaged as indicated.

### THREE

19. To the extent the Defendant's conduct amounts to a retaliatory firing because the Plaintiff asserted his Section 207 (a) rights, the termination is illegal under 29 USC 215 (a)(3). The Plaintiff was damaged as averred. Plaintiff is entitled to liquidated damages under 29 USC 216 (b).

WHEREFORE, the Plaintiff demands JUDGMENT against the Defendant in an amount of money in excess of $100,000.00 exclusive of interest and costs for compensatory and punitive damages, interest, costs and attorney fees on all causes of action.

### JURY DEMAND

The Plaintiff demands a trial by jury on all causes of action.

Respectfully Submitted,

/s/ Michael Terrence Conway, Esq.
Michael T. Conway, Esq.
Ohio Reg. No. 0058413
SD Texas Reg. No. 925875
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660 (voice-fax)
Xray2Alpha@aol.com