UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jeffrey Heck, | ) | CASE NO: 1:17CV1399 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Wolff Brothers, | ) | |
| | ) | |
| | ) | (Resolving Doc. 6) |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is a motion to dismiss count two of the complaint.  Doc.

6.   Plaintiff Jeffrey Heck has opposed the motion, and Defendant Wolff Brothers

("Wolff") has replied in support.  The motion is GRANTED.

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of*

*Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a
> plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl.*
> *Corp. v. Twombly*, 550 U.S. 544 (2007).  The Court stated that "a
> plaintiff's obligation to provide the grounds of his entitlement to relief
> requires more than labels and conclusions, and a formulaic recitation of
> the elements of a cause of action will not do." *Id.* at 1964-65 (citations and
> quotation marks omitted).  Additionally, the Court emphasized that even
> though a complaint need not contain "detailed" factual allegations, its
> "[f]actual allegations must be enough to raise a right to relief above the
> speculative level on the assumption that all the allegations in the
> complaint are true." *Id.* (internal citation and quotation marks omitted).  In

so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Herein, Wolff contends that Heck may not pursue a wrongful discharge claim in violation of public policy. This Court agrees.

To assert a tort claim for wrongful discharge in violation of public policy, Heck must establish each of the following four elements:

> 1. That a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).

2

2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).

4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 151.   The clarity and jeopardy elements are questions of law to be decided by the court. *Collins v. Rizkana*, 73 Ohio St.3d 65, 70.

Heck contends that the lack of a private cause of action for retaliation under Ohio's wage and hour laws should permit his claim to move forward.  However, Heck's complaint itself demonstrates that the jeopardy element is not satisfied by virtue of the third count, a claim for retaliation related to Heck's complaints regarding FLSA violations.

> [T]he *Wiles* Court held that analysis of the jeopardy element involves inquiring into the existence of any alternative means of promoting the particular public policy. Moreover, the Court stated that "[s]imply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests." Thus, if any alternative means are available, the jeopardy element will not be satisfied.

*DeMell v. Cleveland Clinic Found*., 2007 WL 1705084, at *5 (Ohio Ct. App. June 14, 2007).   *DeMell* noted and approved of the following actions by the Ohio trial court: "Because there is no Ohio statute which provides an employee a specific civil remedy for wrongful termination based on a wage and hour complaint, the trial court looked to the FLSA for a civil remedy." *Id.* at *6.  This Court reaches the same conclusion.  As the

3

FLSA adequately provides a remedy, Heck cannot satisfy the jeopardy element of a public policy tort.

Wolff's motion to dismiss Count Two of the complaint is GRANTED.

IT IS SO ORDERED.


December 4, 2017                            _____*/s/ Judge John R. Adams*_____
Date                                     JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT

4